**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JOSEPH CALVO, and
MARIA MIRAMONTES,
individuals,                                          Case No.:

              Plaintiffs,

v.

APPLE LEISURE GROUP
d/b/a AMResorts, LLC
a/k/a Unlimited Vacation Club,
a foreign profit corporation,
GBS INTERNATIONAL, INC.,
a domestic for-profit corporation,
BARCLAYS BANK DELAWARE,
d/b/a RCIR ELITE REWARDS
WORLD MASTERCARD,
a foreign profit corporation,

              Defendants.
_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, JOSEPH CALVO (hereinafter, "Calvo") and MARIA MIRAMONTES (hereinafter, "Miramontes") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and sue Defendants, APPLE LEISURE GROUP d/b/a AMResorts, LLC, a/k/a UNLIMITED VACATION CLUB (hereinafter, "ALG"), GBS INTERNATIONAL, INC., (hereinafter "GBS"), BARCLAYS BANK DELAWARE d/b/a/ RCIR ELITE REWARDS WORLD MASTERCARD (hereinafter, "BBD") (hereinafter collectively, "Defendants").  In support thereof, Plaintiffs allege:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"),

1

the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 47 United States Code, Section 227(b)(3), 28 United States Code, Sections 1331 and 1337, and supplemental jurisdiction over the FCCPA claims pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202 as well as the FCCPA.  Injunctive relief is available under the FCCPA pursuant to Florida Statutes, Section 559.78, as well as under the TCPA pursuant to 47 United States Code, Section 227(g)(2).

2.     Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.     At all material times herein, Plaintiffs are each natural persons who contracted with Defendants within Florida.

4.     Defendant ALG is a foreign, for-profit corporation existing under the laws of the State of Pennsylvania, with its principal place of business located at 7 Campus Boulevard, Newton Square, Pennsylvania, 19073.

5.     Defendant GBS is a for-profit corporation existing under the laws of the State of Florida, with its principal place of business located at 9450 Sunset Drive, Miami, Florida 33173.

6.     Defendant BBD is a foreign, for-profit corporation existing under the laws of the State of Delaware, with its principal place of business located at 100 S West Street, Wilmington, Delaware, 19801.

## GENERAL ALLEGATIONS

7.      At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

8.      At all material times herein, Defendants ALG, GBS, and BBD, are each a "creditor" as defined by Florida Statutes, Section 559.55(3).

9.      At all material times herein, Defendants ALG and GBS attempted to collect a debt, allegedly comprised of timeshare assessments and maintenance fees referenced by account number ending -0418 (hereinafter, "Debt 0418").

10.     At all material times herein, Defendant BBD attempted to collect a debt, allegedly comprised of a RCIR Elite Rewards consumer credit card balance used to finance Plaintiffs' down payment for a timeshare purchase referenced by account number ending -9601 (hereinafter, "Debt 9601").

11.     At all material times herein, Debt 0418 and Debt 9601 are each consumer debts, incurred primarily for personal, household, or family use. Debt 0418 and Debt 9601 are hereinafter collectively the "Debt".

12.     At all material times herein, each Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.     At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

14.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

3

15.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

16.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiffs' cellular telephone number 773.562.6735 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

17.     Plaintiffs are the subscribers, owners, regular users, and possessors of a Cellular Telephone with the assigned number 773.562.6735.

18.     Plaintiffs are the subscribers, owners, regular users, and possessors of a home telephone with the assigned number 773.375.1536 (hereinafter, "Home Telephone").

19.     Defendants' electronic messages (i.e., e-mails), as more specifically alleged below, were sent to Plaintiffs' e-mail address: lourdes_miramontes@yahoo.com (hereinafter, "Home e-mail").

20.     At no time herein did Defendants have Plaintiffs' prior express consent to call Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

21.     On or about September 3, 2013, Plaintiffs' retained Finn Law Group, P.A. (hereinafter "FLG") for representation with regard to the Debt.

22.     On or about September 3, 2013, Plaintiff Miramontes sent Defendant BBD a letter which gave Defendant BBD actual notice of FLG's representation of Plaintiffs with regard to the Debt, provided FLG's contact information, and advised that Miramontes would no longer continue payments in dispute of Debt 9601 (hereinafter, "BBD Letter of Representation").  Please see a true and correct copy of said BBD Letter of Representation labeled as Exhibit "A1-A2."

23.     All of the below-referenced communications from Defendant BBD were placed despite

Defendant BBD having actual knowledge of FLG's representation of Miramontes with regard to Debt 9601 and possessing FLG's contact information regarding the same.

24.     On or about September 5, 2013, Defendant BBD sent Plaintiffs an e-mail in connection with collecting Debt 9601.

25.     On or about September 9, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

26.     On or about September 9, 2013, Defendant BBD sent Plaintiff Miramontes a letter in response to the BBD Letter of Representation and in connection with Debt 9601.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "B1-B2."

27.     On or about September 12, 2013, FLG sent Defendant GBS a certified letter which gave Defendant GBS actual notice of FLG's representation of Plaintiffs with regard to the Debt, provided FLG's contact information, advised that all future communication with regard to the Debt must cease with Plaintiffs and should be directed to FLG's office, and revoked any prior express consent to call Plaintiffs' Cellular Telephone by operation of law (hereinafter, "GBS Letter of Representation").  Please see attached a true and correct copy of said GBS Letter of Representation with certified mail confirmation sheet labeled as Exhibit "C1-C3."

28.     All of the below-referenced communications from Defendant GBS were placed or made despite Defendant GBS having actual knowledge of FLG's representation of Plaintiffs with regard to Debt 0418, despite possessing FLG's contact information, despite having been advised that all future communication with regard to Debt 0418 must cease with Plaintiffs and should be directed to FLG's office, and despite having been advised that any prior express consent to contact Plaintiffs on their Cellular Telephone using an ATDS, a PTDS, or an APV was thereafter revoked.

29.     On or about September 13, 2013, Defendant GBS and Defendant ALG sent Plaintiffs

another e-mail message in connection with collecting Debt 0418.

30.     On or about September 18, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

31.     On or about September 19, 2013, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

32.     On or about September 23, 2013 Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

33.     On or about September 24, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

34.     On or about September 26, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

35.     On or about October 4, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

36.     On or about October 4, 2013, FLG sent Defendant BBD a facsimile transmission which again gave Defendant BBD actual notice of FLG's representation of Miramontes with regard to Debt 9601, provided FLG's contact information, and advised that Miramontes would no longer continue payments in dispute of Debt 9601 (hereinafter "BBD Fax of Representation"). Please see attached a true and correct copy of said BBD Fax of Representation labeled as Exhibit "D."

37.     All of the below-referenced communications from Defendant BBD were placed despite Defendant BBD having actual knowledge of FLG's representation of Miramontes with regard to Debt 9601 and possessing FLG's contact information regarding the same.

38.     On or about October 7, 2013, at approximately 12:05 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418. Please see

attached a true and correct copy of said e-mail labeled as Exhibit "E1-E2."

39.     On or about October 8, 2013, at approximately 10:06 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "F1-F2."

40.     On or about October 8, 2013, at approximately 6:49 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "G1-G2."

41.     On or about October 8, 2013, Defendant GBS on Defendant ALG and Defendant GBS sent Plaintiffs another in an attempt to collect Debt 0418.

42.     On or about October 8, 2013, at approximately 6:50 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

43.     The immediately-aforementioned call was placed from telephone number 800.861.9569 and was made in an attempt to collect Debt 0418.

44.     During the above-referenced call, Defendant GBS left a voice message, using an APV, on Plaintiffs' Cellular Telephone, identifying Defendant GBS and requesting Plaintiffs return the call.

45.     On or about October 9, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.

46.     On or about October 11, 2013, Defendant BBD sent Miramontes a letter in response to the Fax of Representation, informing Miramontes that Debt 9601 remains subject to accrued interest charges and minimum payment requirements.  Said letter was an attempt to collect the Debt 9601. Please see attached a true and correct copy of said letter labeled as Exhibit "H1-H2."

47.     On or about October 11, 2013, at approximately 6:15 p.m. CT, Defendant GBS and

Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "I1-I2."

48.     On or about October 11, 2013, Defendant GBS sent Plaintiffs five (5) additional e-mail messages in an attempt to collect Debt 0418.

49.     On or about October 14, 2013, at approximately 1:21 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "J1-J3."

50.     On or about October 14, 2013, Defendant GBS and Defendant ALG sent Plaintiffs three (3) additional e-mail messages in an attempt to collect Debt 0418.

51.     On or about October 15, 2013, Defendant GBS and Defendant ALG sent Plaintiffs three (3) e-mail messages in an attempt to collect Debt 0418.

52.     On or about October 16, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.

53.     On or about October 17, 2013, Defendant GBS sent Plaintiffs two (2) e-mail messages in an attempt to collect Debt 0418.

54.     On or about October 18, 2013, Defendant GBS sent Plaintiffs two (2) e-mail messages in an attempt to collect Debt 0418.

55.     On or about October 18, 2013, FLG sent Defendant GBS a facsimile transmission which again gave Defendant GBS notice of FLG's representation of Plaintiffs with regard to the Debt, again provided FLG's contact information, and requested that all future communication with regard to the Debt cease with Plaintiffs and should be directed to FLG's office (hereinafter, "GBS Fax of Representation").  Please see attached a true and correct copy of said GBS Fax of Representation labeled as Exhibit "K."

8

56.    On or about October 19, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

57.    On or about October 21, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

58.    On or about October 21, 2013, Defendant BBD called Plaintiffs' Home Telephone in an attempt to collect Debt 9601.

59.    During the immediately-aforementioned call, Plaintiff Miramontes spoke with Defendant BBD's employee or representative "Bert", and Bert verified Defendant BBD received the Letter of Representation dated September 3, 2013.

60.    Furthermore, Plaintiff Miramontes advised Defendant BBD of FLG's representation of Plaintiffs with regard to Debt 9601, provided FLG's contact information, and requested that all future communication with regard to Debt 9601 cease with Plaintiffs and should be directed to Undersigned Counsel's office.

61.    On or about October 22, 2013, Defendant GBS and Defendant ALG sent Plaintiffs three (3) e-mail messages in an attempt to collect Debt 0418.

62.    On or about October 24, 2013, Defendant sent Plaintiffs three (3) e-mail messages in an attempt to collect Debt 0418.

63.    On or about October 25, 2013, at approximately 4:43 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "L1-L2."

64.    On or about October 28, 2013, at approximately 9:53 a.m. EST, FLG sent Defendant GBS an e-mail message again advising Defendant GBS that all communication with regard to Debt 0418 must cease with Plaintiff and should be directed to FLG's office.  Please see attached a true and

correct copy of said e-mail labeled as Exhibit "M1-M2."

65.     On or about October 30, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

66.     On or about November 4, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

67.     On or about November 5, 2013, Defendant BBD called Plaintiffs' Home Telephone.

68.     The immediately-aforementioned call was placed from a blocked telephone number and was made in an attempt to collect Debt 9601.

69.     During the above-referenced call, Defendant BBD left a voice message, identifying itself and requesting Plaintiffs return the call.

70.     On or about November 6, 2013, Defendant BBD called Plaintiffs' Home Telephone.

71.     The immediately-aforementioned call was placed from a blocked telephone number and was made in an attempt to collect Debt 9601.

72.     During the immediately-aforementioned call, Plaintiff Miramontes spoke with Defendant BBD's employee or representative "Ryan", and Plaintiff Miramontes again advised Defendant BBD of FLG's representation of Plaintiffs with regard to Debt 9601, again provided FLG's contact information, and again requested that all future communication with regard to the Debt cease with Plaintiffs and be directed to FLG's office.

73.     On or about November 11, 2013, Defendant BBD sent Miramontes a letter in an attempt to collect Debt 9601, again informing Plaintiffs that Debt 9601 remains subject to accrued interest charges and minimum payment requirements.  Please see attached a true and correct copy of the letter labeled as Exhibit "N1-N2."

74.     On or about November 14, 2013, Defendant GBS and Defendant ALG sent Plaintiffs

another e-mail message in connection with collecting Debt 0418.

75.     On or about November 14, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

76.     On or about November 15, 2013, Defendant GBS sent Plaintiff Calvo a billing statement in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "O1-O3."

77.     On or about November 15, 2013, at approximately 4:11 p.m. CT, Defendant GBS called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

78.     The immediately-aforementioned call was placed from telephone number 305.596.3320 and was made in an attempt to collect Debt 0418.

79.     On or about November 16, 2013, at approximately 11:23 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "P1-P2."

80.     On or about November 18, 2013, at approximately 9:08 p.m. CT, Defendant GBS called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

81.     The immediately-aforementioned call was placed from telephone number 52.1.468.109.4406 and was made in an attempt to collect Debt 0418.

82.     On or about November 18, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

83.     On or about November 18, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

84.     On or about November 19, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

11

85.     On or about November 19, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

86.     On or about November 20, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

87.     On or about November 21, 2013, at approximately 12:21 p.m. CT, Defendant GBS called Plaintiffs' Home Telephone.

88.     The immediately-aforementioned call was placed from telephone number 855.203.6986 and was made in an attempt to collect Debt 0418.

89.     During the above-referenced call, Defendant GBS left a voice message on Plaintiffs' Home Telephone identifying Defendant GBS and informing Plaintiffs that their alleged delinquent account information (i.e., Debt 0418) will be conveyed to the credit bureaus.

90.     On or about November 21, 2013, Defendant GBS called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

91.     The immediately-aforementioned call was placed from an unknown telephone number and was made in an attempt to collect Debt 0418.

92.     On or about November 21, 2013, Defendant GBS sent Plaintiffs two (2) e-mail messages in an attempt to collect Debt 0418.

93.     On or about November 22, 2013, at approximately 10:04 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "Q."

94.     On or about November 22, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail in an attempt to collect Debt 0418.

95.     On or about November 25, 2013, Defendant GBS and Defendant ALG sent Plaintiffs

12

another e-mail message in connection with collecting Debt 0418.

96.     On or about November 25, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 0418.

97.     On or about November 26, 2013, at approximately 3:58 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

98.     The immediately-aforementioned call was placed from telephone number 866.257.1786 and was made in an attempt to collect Debt 0418.

99.     Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiffs' Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call to telephone number 866.257.1786 and referenced account number ending in 0418.

100.    On or about November 26, 2013, at approximately 3:15 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "R1-R2."

101.    On or about November 26, 2013, at approximately 3:58 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "S1-S2."

102.    On or about November 26, 2013, at approximately 9:58 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "T1-T2."

103.    On or about November 26, 2013, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

104.    The immediately-aforementioned call was placed from an unknown telephone number as was made in an attempt to collect Debt 0418.

105.    On or about November 27, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

106.    On November 29, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

107.    On or about December 2, 2013, at approximately 2:16 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

108.    The immediately-aforementioned call was placed from telephone number 305.596.3320 and was made in an attempt to collect Debt 0418.

109.    During the above-referenced call, Plaintiff Miramontes spoke with Defendant GBS's employee or representative "Luisa", and Plaintiff Miramontes again advised Defendant of FLG's representation of Plaintiffs with regard to Debt 0418, provided FLG's contact information, and asked that all future communication with regard to Debt 0418 cease with Plaintiffs and be directed to FLG's office.

110.    On or about December 2, 2013, Defendant GBS and Defendant ALG sent Plaintiffs two (2) e-mail messages in connection with collecting Debt 0418.

111.    On or about December 3, 2013, at approximately 4:46 p.m. CT, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "U1-U3."

112.    On or about December 4, 2013, at approximately 6:05 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see

14

attached a true and correct copy of said e-mail labeled as Exhibit "V1-V3."

113.    On or about December 10, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

114.    On or about December 16, 2013, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—sent Plaintiff Calvo a billing statement in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "W1-W2."

115.    On or about December 19, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.

116.    On or about December 19, 2013, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

117.    On or about December 30, 2013, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

118.    On or about December 30, 2013, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

119.    On or about December 31, 2013, at approximately 10:04 a.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

120.    The immediately-aforementioned call was placed from a blocked telephone number and was made in an attempt to collect Debt 0418.

121.    During the above-referenced call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiffs' Home Telephone identifying itself as GBS's collections department and requesting payment on Debt 0418.

122.    On or about January 3, 2014, Defendant BBD sent Plaintiffs two (2) e-mail messages in an attempt to collect Debt 9601.

123.    On or about January 9, 2014, Defendant GBS and Defendant ALG sent Plaintiffs two (2) e-mail messages in connection with collecting Debt 0418.

124.    On or about January 10, 2014, at approximately 8:45 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "X1-X2."

125.    On or about January 10, 2014, at approximately 12:24 p.m. CT, Defendant GBS and Defendant ALG sent Miramontes an e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "Y1-Y2."

126.    On or about January 19, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

127.    On or about January 22, 2014, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

128.    On or about January 22, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

129.    On or about January 22, 2014, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—sent Plaintiff Calvo a billing statement in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "Z."

130.    On or about January 24, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

131.    On or about January 29, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

16

132.    On or about January 30, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

133.    On or about January 30, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

134.    On or about January 31, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

135.    On or about January 31, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

136.    On or about February 3, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

137.    On or about February 4, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

138.    On or about February 7, 2014, at approximately 6:00 p.m. CT, Defendant GBS called Plaintiffs' Home Telephone.

139.    The immediately-aforementioned call was placed from telephone number 855.203.6986 and was made in an attempt to collect Debt 0418.

140.    On or about February 7, 2014, at approximately 6:02 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

141.    The immediately-aforementioned call was placed from telephone number 855.203.6986 and was made in an attempt to collect Debt 0418.

142.    On or about February 7, 2014, at approximately 6:02 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Cellular

17

Telephone using an ATDS, a PTDS, or an APV.

143.   The immediately-aforementioned call was placed from telephone number 52.998.881.0000 and was made in an attempt to collect Debt 0418.

144.   During the above-referenced call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff's Cellular Telephone using an APV, identifying itself, and requesting Plaintiffs return the call to telephone number 855.203.6986 and referenced account number ending in 0418.

145.   On or about February 9, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

146.   On or about February 10, 2014, at approximately 9:20 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "AA1-AA2."

147.   On or about February 10, 2014, at approximately 9:20 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "BB1-BB2."

148.   On or about February 14, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

149.   On or about February 17, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

150.   On or about February 17, 2014, at approximately 4:06 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

151.   The immediately-aforementioned call was placed from telephone number 855.203.6986

18

and was made in an attempt to collect Debt 0418.

152.    During the above-referenced call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message identifying itself and requesting Plaintiffs return the call to telephone number 855.203.6986 and referenced account number ending in 0418.

153.    On or about February 21, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

154.    On or about February 21, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

155.    On or about February 27, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

156.    On or about March 3, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

157.    On or about March 4, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

158.    On or about March 5, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

159.    On or about March 6, 2014, at approximately 8:53 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "CC1-CC2."

160.    On or about March 6, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail in connection with collecting Debt 0418.

161.    On or about March 6, 2014, FLG sent Defendant GBS and Defendant ALG an e-mail

message, in which FLG again advised Defendant GBS and Defendant ALG of FLG's representation of Plaintiffs with regard to Debt 0418, again provided FLG's contact information, and again requested all communication with regard to Debt 0418 cease with Plaintiffs and be directed to FLG's office.

162.    On or about March 7, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

163.    On or about March 10, 2014, at approximately 8:50 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "DD1-DD2."

164.    On or about March 12, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

165.    On or about March 14, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

166.    On or about March 16, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

167.    On or about March 17, 2014, Defendant BBD sent Plaintiffs two (2) e-mails in an attempt to collect Debt 9601.

168.    On or about March 19, 2014, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

169.    On or about March 25, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

170.    On or about March 27, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

171.    On or about April 3, 2014, Defendant BBD sent Plaintiffs an e-mail message in an

attempt to collect Debt 9601.

172.    On or about April 9, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

173.    On or about April 11, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

174.    On or about April 15, 2014, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

175.    On or about April 16, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

176.    On or about April 19, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

177.    On or about May 3, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

178.    On or about May 12, 2014, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

179.    On or about May 12, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

180.    On or about May 16, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

181.    On or about May 20, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

182.    On or about June 3, 2014, Defendant BBD sent Plaintiffs an e-mail message in an attempt to collect Debt 9601.

183.    On or about June 16, 2014, at approximately 1:53 a.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail and approximate translation labeled as Exhibit "EE1-EE3."

184.    On or about June 26, 2014, at approximately 12:06 p.m. CT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

185.    The immediately-aforementioned call was placed from telephone number 855.203.6986 and was made in an attempt to collect Debt 0418.

186.    During the above-referenced call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voicemail message identifying itself and requesting Plaintiffs return the call to telephone number 855.203.6986.

187.    On or about June 27, 2014, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiffs' Home Telephone.

188.    The immediately-aforementioned call was placed from an unknown number and was made in an attempt to collect Debt 0418.

189.    On or about June 27, 2014, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

190.    The immediately-aforementioned call was placed from telephone number 529.988.81 and was made in an attempt to collect Debt 0418.

191.    During the above-referenced call, Plaintiff Miramontes spoke with Defendant GBS's employee or representative "Julian," and Plaintiff Miramontes again advised Defendant GBS of FLG's

representation of Plaintiffs with regard to Debt 0418, again provided FLG's contact information, and again requested all communication with regard to Debt 0418 cease with Plaintiff and be directed to FLG's office.

192.    On or about June 30, 2014, Defendant BBD sent Plaintiffs an e-mail message in connection with collecting Debt 9601.

193.    On or about July 2, 2014, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in connection with collecting Debt 0418.

194.    On or about July 3, 2014, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

195.    The immediately-aforementioned call was placed from an unknown number and was made in an attempt to collect Debt 0418.

196.    During the above-referenced call, Plaintiff Miramontes spoke with Defendant GBS's employee or representative "Carlos", and Plaintiff again advised Defendant of FLG's representation of Plaintiffs with regard to Debt 0418, again provided FLG's contact information, and again advised that all future communication with regard to the Debt must cease with Plaintiff and should be directed to FLG's office.

197.    On or about July 7, 2014, Defendant ALG sent Plaintiffs a letter in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said letter labeled as Exhibit "FF1-FF2."

198.    On or about August 1, 2014, at approximately 12:41 p.m. CT, Defendant GBS and Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "GG1-GG2."

199.    On or about August 1, 2014, at approximately 4:47 p.m. CT, Defendant ALG sent

Plaintiffs another e-mail in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "HH1-HH2."

200.    On or about August 8, 2014, at approximately 4:29 p.m. CT, Defendant ALG sent Plaintiffs another e-mail message in an attempt to collect Debt 0418.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "II."

201.    Despite having repeatedly advised Defendants of FLG's representation of Plaintiffs with regard to the Debt, Defendants continue to attempt to collect the Debt directly from Plaintiffs in violation of the FCCPA and the TCPA.

202.    Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under federal and state law.

203.    Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.

204.    Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call, letter, or e-mail made or sent to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls, letters, and e-mails are but a sub-set of the calls made in violation of the FCCPA and the TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs as well as letters and e-mails sent to Plaintiffs.

205.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against each Defendant per independent, temporally-displaced violation, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter

against Defendants.

206.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiffs' Cellular Telephone in violation of the TCPA and the regulations proscribed thereunder.

207.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiffs' Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

208.    At all times herein, it would have been possible for Defendants to avoid violating the terms of the TCPA.

209.    Based upon the aforementioned allegations, Defendants' telephone calls made to Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

210.    Plaintiffs have retained both FLG and Leavengood, Dauval & Boyle, P.A. (hereinafter, collectively, "Undersigned Counsel") for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

211.    As a direct result of Defendants' actions, Plaintiffs have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion, and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiffs' dispute of the Debt was wholly ineffective, and that the frequent, repeated unlawful Debt collection attempts would simply have to be endured.

212.    As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to,

any Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through two-hundred-twelve (212) as if fully restated herein and further state as follows:

213.    Defendants are each subject to, and have each violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

214.    Defendant GBS and Defendant ALG possessed actual knowledge of FLG's representation of Plaintiffs with regards to Debt 0418 and possessed FLG's contact information.

215.    Further, Defendant GBS and Defendant ALG did not possess prior express consent to call Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

216.    Despite having the above-referenced knowledge, Defendant GBS and Defendant ALG sent Plaintiffs *at least* eighty-six (86) e-mails, four (4) letters via direct mail, placed at least nine (9) calls to Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV, and placed at least seven (7) calls to Plaintiffs' Home Telephone in its attempts to collect Debt 0418.

217.    Defendant BBD possessed actual knowledge of FLG's representation of Plaintiffs with regard to Debt 9601 and possessed FLG's contact information.

218.    Despite the above-referenced knowledge, Defendant BBD sent Plaintiffs at least thirty-seven (37) e-mails, sent *at least* two (2) letters, placed *at least* two (2) calls to Plaintiff's Home Telephone in its attempts to collect Debt 9601.

219.    Defendants' aforementioned communications are all the result of knowing and willful violations of the FCCPA.

26

220.    Defendants intend for Plaintiffs to believe that, despite Plaintiffs invoking their rights and retaining counsel with regard to the Debt, Defendants will continue their collection attempts until the Debt is paid.

221.    Defendants' conduct constitutes abuse and harassment because Defendants should have ceased communicating with a party known to be represented be legal counsel; Defendant GBS and Defendant ALG knew it did not have prior express consent to call Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV; Defendants frequently and continuously communicated with Plaintiffs despite having knowledge of legal representation; and Defendants deceived Plaintiffs into believing the abusive and harassing conduct could and would continue until the Debt is paid.

222.    Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

223.    As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiffs re-allege paragraphs one (1) through two-hundred-twelve (212) as if fully restated herein and further state as follows:

224.    Defendants are each subject to, and have each violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt.

225.    Defendant GBS and Defendant ALG possessed actual knowledge of FLG's representation of Plaintiffs with regard to Debt 0418 and possessed FLG's contact information via the

27

GBS Letter of Representation; Defendant BBD also possessed actual knowledge of FLG's representation of Plaintiffs with regard to Debt 9601 and also possessed FLG's contact information via the BBD Fax of Representation; and Defendant BBD possessed actual knowledge of FLG's representation of Plaintiffs with regard to Debt 9601 via the BBD Letter of Representation.

226.    Despite having the above-referenced knowledge of representation, Defendant GBS and Defendant ALG sent Plaintiffs *at least* eighty-six (86) e-mails, Defendant GBS, on behalf of Defendant ALG—and is with its consent, knowledge, and approval—sent *at least* four (4) letters via direct mail, placed *at least* nine (9) calls to Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV, and placed *at least* seven (7) calls to Plaintiffs' Home Telephone in attempts to collect Debt 0418.

227.    Despite having the above-referenced knowledge of representation, Defendant BBD sent Plaintiffs *at least* two (2) letters and placed *at least* two (2) calls to Plaintiffs' Home Telephone in an attempt to collect Debt 9601.

228.    Further, despite having the above-referenced knowledge, Defendant BBD sent Plaintiffs *at least* thirty-seven (37) e-mails and placed *at least* one (1) call to Plaintiffs' Home Telephone in its attempts to collect Debt 9601.

229.    As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through two hundred twenty-nine (229) as if fully restated herein and further state as follows:

230.    Defendant GBS and Defendant ALG are subject to, and have negligently violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS, or an APV to

call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

231.    At no time did Defendant GBS Defendant ALG have Plaintiffs' prior express consent to call Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

232.    Furthermore, to the extent that Defendant GBS or Defendant  contends it possessed Plaintiffs' prior express consent, such consent was revoked by operation of law when Defendant GBS received FLG's GBS Letter of Representation regarding Debt 0418.  *See* Exhibit "A1."

233.    Despite lacking Plaintiffs' prior express consent, Defendant placed *at least* nine (9) telephone calls to Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

234.    As a direct and proximate result of Defendant GBS's conduct, Plaintiffs have suffered:

      a.    The periodic loss of their Cellular Telephone service;

      b.    Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under their Cellular Telephone service contract;

      c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated, willful, and knowing calls placed in violation of the TCPA; and

      e.    Statutory damages.

### COUNT FOUR:
### TELEPHONE CONSUMER PROTECTION ACT-
### WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through two-hundred-twelve (212) as if fully restated herein and further states as follows:

235.    Defendant GBS is subject to, and has willfully and knowingly violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an ATDS, PTDS, or an APV to call Plaintiffs' Cellular Telephone without Plaintiffs' prior express consent.

236.    Specifically, as enumerated above, Defendant GBS used an ATDS, a PTDS, or an APV to call Plaintiffs' Cellular Telephone *at least* nine (9) times without Plaintiffs' prior express consent.

237.    Defendant GBS knew that it never possessed prior express consent to call Plaintiffs' Cellular Telephone, as Plaintiffs did not provide their Cellular Telephone in the transaction creating Debt 0418.

238.    To the extent Defendant GBS asserts it had Plaintiffs' prior express consent, any prior express consent was repeatedly revoked by operation of law when both FLG and Plaintiffs informed Defendant GBS—on multiple occasions—of FLG's representation and asked that all direct communication with regard to the Debt cease with Plaintiffs.

239.    Defendant is fully aware of the TCPA and its restrictions and as such, Defendant GBS's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

240.    As such, each of the calls made to Plaintiffs' Cellular Telephone using an ATDS, PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

## COUNT FIVE:
## DECLARATORY AND INUNCTIVE RELIEF

Plaintiffs re-allege paragraphs one (1) through two-hundred-twelve (212) as if fully restated herein and further state as follows:

241.    Unless the Defendants are immediately enjoined from continuing to attempt to collect the Debt from Plaintiffs in violation of the FCCPA and the TCPA, Plaintiffs will suffer irreparable injury.

242.    Plaintiffs have no adequate remedy at law.

30

243.    Plaintiffs have a clear legal right to the protections of the FCCPA pursuant to Florida Statute, Section 559.72(18) as well as the TCPA pursuant to 47 United States Code, Section 227(g)(2).

244.    Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection and privacy laws, Plaintiffs have no adequate remedy at law.  Plaintiffs need and are entitled to injunctive relief.

245.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request against Defendants an entry of:

a)    Judgment against Defendants declaring that Defendants violated the FCCPA;

b)    Judgment against Defendants GBS and Defendant ALG declaring that Defendant GBS and Defendant ALG violated the TCPA;

c)    Judgment against Defendants for maximum statutory damages under the FCCPA, per independent, temporally-displaced violation committed by Defendants;

d)    Judgment against Defendant GBS and Defendant ALG for statutory damages in the amount of $500.00 for each of Defendant GBS's and Defendant ALG's Cellular Telephone calls that violated the TCPA;

e)    Judgment against Defendant GBS and Defendant ALG for treble damages in the amount of $1,500.00 for each of Defendant GBS's and Defendant ALG's Cellular Telephone call that violated the TCPA for which Defendant GBS and Defendant ALG acted knowingly and/or willfully;

f)      Judgment against Defendants enjoining Defendants from further engaging in the conduct that violates the FCCPA and the TCPA;

g)      Judgment against Defendants for actual damages sustained in an amount to be determined at trial;

h)      Judgment against Defendants GBS and BBD for punitive damages resulting from their pattern and practice of violations of the FCCPA;

i)      Judgment against Defendants for an award of attorney's fees and costs; and

j)      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*

**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )

COUNTY OF _Cook_ )

Plaintiff JOSEPH CALVO, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JOSEPH CALVO

Subscribed and sworn to before me this 14th day of August 2014.

Notary Public

My Commission Expires:

Proof of I.D.: _Drivers License_

2/24/2017

OFFICIAL SEAL
CATHERINE E JACOBS
Notary Public - State of Illinois
My Commission Expires Feb 24, 2017

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )

)

COUNTY OF COOK )

Plaintiff MARIA MIRAMONTES, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_Maria Miramontes_

MARIA MIRAMONTES

Subscribed and sworn to before me this 14 day of August, 2014.

_Ana Salazar_

Notary Public

My Commission Expires: 11/01/2016

Proof of I.D.: M655 5526 0727

Official Seal
Ana Salazar
Notary Public State of Illinois
My Commission Expires 11/01/2016

34